# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Judicial Watch") brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## STATEMENT OF FACTS

5. On August 30, 2021, Plaintiff submitted a FOIA request to the DOJ, via email to MRUFOIA.Requests@usdoj.gov, seeking access to the following:

> **All records related to the Department of Justice's August 2021 virtual meeting pertaining to threats to election officials (https://www.justice.gov/opa/pr/readout-justice-department-leadership-meeting-threats-election-workers). This request includes, but is not limited to, the following:**
>
> **All records created in preparation for, during, and/or pursuant to the virtual meeting.**
>
> **All records depicting the invitees to, and participants in, the meeting.**
>
> **All audio recording, transcripts, and summaries of the meeting.**

The time frame of the request was identified as "July 1, 2021 to the present."

6. By letter dated September 10, 2021, the DOJ acknowledged receipt of the request and assigned it Tracking Number EMRUFOIA083021-10. The DOJ informed Plaintiff its request was referred to the DOJ Office of Information Policy and the Federal Bureau of Investigation ("FBI"), both components of the U.S. Department of Justice.

7. On September 20, 2021, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIPA Request No. 1505230-000.

8. On September 27, 2021, the DOJ Office of Information Policy acknowledged receipt of Plaintiff's request and referenced it as FOIA-2021-02202.

9. The DOJ Office of Information Policy asserted that it was invoking FOIA's ten-day extension of time provision due to "unusual circumstances."

10. Plaintiff has received no further communication from the FBI nor the DOJ's Office of Information Policy on this request.

11. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

15. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due by November 9, 2021 at the latest.

16. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 16, 2022               Respectfully submitted,

/s/ *Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5175
Fax:   (202) 646-5199
Email: lburke@judicialwatch.org

*Counsel for Plaintiff*